**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANE DOE, | : | **Civil Action No: 25-cv-787** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY; KIMBERLY MCKEOWN, | : | |
| AND GORDON SILVERSTEIN; | : | |
| *Defendants.* | : | May 15, 2025 |

## MOTION TO PROCEED UNDER PSEUDONYM

### INTRODUCTION

Plaintiff Jane Doe respectfully moves this Court for permission to proceed pseudonymously in this action. Plaintiff has filed a complaint alleging violations of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, breach of contract, tortious interference with contract, and retaliation against the defendants. The complaint necessarily contains detailed information about Plaintiff's psychiatric disabilities and their manifestations in her academic life. Public disclosure of Plaintiff's identity in connection with these sensitive medical details would constitute a severe invasion of privacy and potentially cause irreparable harm to her future academic and professional prospects. As demonstrated below, the balance of factors established by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), weighs decisively in favor of permitting Plaintiff to proceed under a pseudonym.

### FACTS

Plaintiff is a doctoral student at Yale University. The complaint in this action necessarily details the nature, severity, and manifestations of medical conditions, as well as their impact on Plaintiff's academic progress. It further describes Plaintiff's treatment history and the accommodations she has sought and received (or been denied) based on these conditions.

As a doctoral student seeking to establish herself in a highly competitive academic field, Plaintiff's future career prospects depend significantly on her professional reputation. Public disclosure of her health conditions and the details of this litigation would likely have profound negative consequences for her future academic and employment opportunities. Moreover, the complaint details instances where university officials have taken adverse actions against Plaintiff after she asserted her rights, creating a substantial risk of additional retaliatory harm if her identity is disclosed in connection with this lawsuit.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." This requirement serves the "vital purpose" of facilitating public scrutiny of judicial proceedings. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). However, courts have "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties," permitting plaintiffs to proceed anonymously under certain circumstances. *Id*. at 189.

The Second Circuit has established a balancing test that weighs "the plaintiff's interest in anonymity" against both "the public interest in disclosure" and "any prejudice to the defendant" to determine whether a plaintiff should be permitted to proceed under a fictitious name. Id. The Second Circuit has instructed courts to examine the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of the plaintiff's age;

(5) whether the suit is challenging the actions of the government or that of private parties;
(6) whether the defendant is prejudiced by allowing the plaintiff to press claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose the plaintiff's identity;
(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 190 (cleaned up).

*See also One Standard of Justice, Inc. v. City of Bristol*, 3:22-cv-863(SVN) (D.Conn. Dec. 9, 2022) (analyzing claims of a sex offender challenging constitutionality of a town ordinance against the *Sealed Plaintiff* standard). In this case, all of the factors weigh in favor of anonymity and the Court should allow Ms. Doe to proceed without using her real name.

## ARGUMENT

Application of the *Sealed Plaintiff* factors to the present case demonstrates that Plaintiff's interest in anonymity substantially outweighs both the public interest in disclosure and any potential prejudice to Defendants.

### I. This Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature

The first factor weighs decisively in favor of allowing Plaintiff to proceed pseudonymously. Plaintiff's complaint necessarily discloses extensive, detailed information about her psychiatric diagnoses, treatment history, and the manifestations of her conditions in academic and personal contexts. This includes private medical information. The degree of detail required to establish the elements of her claims under the Rehabilitation Act and ADA would constitute a profound invasion of privacy if linked to her actual identity. The sensitive nature of mental health information is further recognized and protected by both federal and state laws,

3

including HIPAA. *See* 45 C.F.R. § 164.502. These facts are intertwined with Plaintiff's claims and cannot simply be redacted if her name is associated with this case.

## II.    Identification Poses a Risk of Retaliatory Harm to Plaintiff

The second factor also weighs strongly in favor of anonymity. Plaintiff alleges in her complaint that Defendants have previously taken adverse actions against her after she asserted her rights under disability laws and university policies. Public disclosure of her identity in connection with this lawsuit would expose her to a substantial risk of further retaliation within her academic field. Fears of retaliatory harm are magnified when the sources of potential harm are in a position to exercise substantial power over the plaintiff. In this case, Defendants continue to exercise substantial power over Plaintiff's academic career and future professional prospects, magnifying the potential for retaliatory harm.

## III.    Identification Would Cause Significant Mental Harm to Plaintiff

The third factor, which considers other harms and their severity, also favors anonymity. Public disclosure of Plaintiff's identity would likely exacerbate her existing psychiatric conditions. *See Sealed Plaintiff*, 537 F.3d at 190; *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (listing "mental illness" as among matters in which exceptional circumstances justifies use of pseudonyms); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("[D]enying plaintiff the use of a pseudonym[] may deter other people who are suffering from mental illnesses from suing in order to vindicate their rights, merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity."); *Doe v. Standard Ins. Co.*, No. 1:15-cv-00105-GZS, 2015 WL 5778566, at *2 (D. Me. Oct. 2, 2015) ("serious mental health condition" justified pseudonymity); *T.W. v. N.Y. State Bd. of L. Examiners*, No. 16-cv-3029-RJD-RLM, 2017 WL 4296731, at *5 (E.D.N.Y. Sept. 26,

2017) ("depression, anxiety, panic attacks, and cognitive impairments"); *Doe v. Trustees of Indiana Univ.*, No. 1:12-cv-1593-JMS-DKL, 2013 WL 3353944 (S.D. Ind. July 3, 2013) (risk of mental injury from disclosure of unspecified mental disorders); *Doe v. Lincoln Life Assurance Co. of Boston*, No. 3:22-cv-00694-JSC (N.D. Cal. Feb. 8, 2022); *Doe v. State Bar of Cal.*, No. 3:20-cv-06442-LB (N.D. Cal. Sept. 14, 2020).

Moreover, disclosure would impose long-term harm that extends far beyond this litigation. In the academic context, where reputation is paramount, the stigma associated with mental health conditions remains substantial. "[W]hatever the outcome of the action, public identification will subject [her] to severe reputational harm and harassment, and will defeat the very purpose of this litigation." *Doe v. Trustees of Dartmouth Coll.,* No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).

**IV.    Plaintiff Is Particularly Vulnerable to the Harms of Disclosure**

The fourth factor considers whether the plaintiff is particularly vulnerable to the harms of disclosure. While this factor often focuses on the plaintiff's age, and plaintiff is an adult, courts have recognized other forms of vulnerability, including a plaintiff's status as a student. Plaintiff's conditions also render her more vulnerable to the harm that would result from public exposure.

**V.    This Suit Challenges the Actions of a Private Party**

The fifth factor considers whether the suit challenges governmental or private actions. Although some courts conclude that the defendant being the government weighs in favor of anonymity, others do not, because there is a heightened public interest in matters involving the government. *See, e.g., M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *cf. Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) ("[T]he public interest in the underlying litigation is

especially compelling given that Company Doe sued a federal agency."); *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). Although private universities like Yale receive public funding, and are required to follow federal law, federal law also requires universities like Yale to protect the confidentiality of its students. *See* Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, 34 CFR Part 99.

## VI.    Defendants Will Not Be Prejudiced by Allowing Plaintiff to Proceed Anonymously

The sixth factor, which considers prejudice to defendants, weighs in favor of anonymity. Defendants are fully aware of Plaintiff's actual identity, and all relevant factual issues can be fully explored in discovery without requiring public disclosure of Plaintiff's identity. Any minimal prejudice to Defendants can be mitigated through a protective order that allows Defendants full access to Plaintiff's identity while preventing public disclosure. *One Standard of Justice,* (finding minimal prejudice where "allowing Plaintiff Doe to proceed anonymously will not significantly impede Defendant's ability to identify witnesses").

## VII.    Plaintiff's Identity Has Thus Far Been Kept Confidential

The seventh factor considers whether the plaintiff's identity has been kept confidential. Plaintiff has taken care to maintain the confidentiality of her identity in connection with this litigation. While Defendants are aware of her identity, it has not been disclosed to the public in relation to this case. *See One Standard of Justice* (finding this factor weighs in favor of anonymity where plaintiff's name has not been disclosed with respect to the action).

## VIII.    The Public's Interest Is Not Furthered by Requiring Disclosure of Plaintiff's Identity

The eighth factor considers whether the public's interest in the litigation would be furthered by requiring disclosure. Here, the public interest in open judicial proceedings would

not be significantly advanced by disclosure of Plaintiff's identity. The legal issues presented can be fully understood and evaluated without knowledge of Plaintiff's actual name.

**IX.    There Is an Atypically Weak Public Interest in Knowing Plaintiff's Identity**

The ninth factor, which considers whether there is an atypically weak public interest in knowing the plaintiff's identity, also favors anonymity. While this case involves both legal and factual issues, the public interest in Plaintiff's specific identity is minimal. The case concerns the proper implementation of disability accommodations in higher education—an issue of public importance that can be fully addressed without disclosing Plaintiff's identity.

**X.    No Alternative Mechanism for Protecting Plaintiff's Confidentiality Exists**

The tenth factor considers whether alternative mechanisms exist for protecting the plaintiff's confidentiality. In this case, less restrictive alternatives—such as redaction of certain medical information—would be inadequate to protect Plaintiff's privacy interests. The core of Plaintiff's claims necessarily involves her disability status and accommodations, making it impossible to meaningfully litigate the case while redacting only portions of the sensitive information.

**<u>CONCLUSION</u>**

For the foregoing reasons, all the factors established in *Sealed Plaintiff* weigh decisively in favor of permitting Plaintiff to proceed under a pseudonym. Plaintiff respectfully requests that this Court grant her motion to proceed under the pseudonym "Jane Doe" and enter a protective order prohibiting public disclosure of her actual identity in connection with this litigation.

Respectfully Submitted,

PLAINTIFF

By:_____/s/_____
Alexander T. Taubes, Esq.
Federal Bar No.: ct30100
Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

8