UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JANE DOE, | : | |
| | : | DOCKET NO. 3:25-cv-00787-OAW |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, KIMBERLY MCKEOWN, | : | |
| AND GORDON SILVERSTEIN | : | |
| | : | |
| DEFENDANTS | : | |
| | : | MAY 30, 2025 |

## MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 7(b), the defendants, Yale University, Kimberly McKeown, and Gordon Silverstein (collectively, "Defendants"), respectfully request a 14-day extension of ALL DEADLINES currently ordered in the above-captioned matter. Plaintiff does not consent to this request. The deadlines in question cannot reasonably be met despite the Defendants' diligence. Good cause exists for granting this Motion, and compelling circumstances arose within the three days prior to the next pending deadline as follows:

1.      On May 15, 2025, Plaintiff initiated this action by filing, among other things, her Complaint (ECF #1), Emergency Application for Temporary Restraining Order ("TRO") and for Preliminary Injunction (ECF #2), and Motion for Order Allowing Plaintiff to Proceed Under Pseudonym (ECF #3). These initial pleadings consist of 68 pages of briefing, supported by 52 pages of exhibits (ECF #5).

2.      On May 19 and 20, 2025, Plaintiff filed additional exhibits to supplement her initial filings. (ECF ## 26, 27.)

3.      On May 20, 2025, this Court denied, without prejudice, Plaintiff's Emergency TRO. (ECF #29.)

1

4.      On May 23, 2025, (the Friday before Memorial Day weekend) Plaintiff filed a Renewed TRO, consisting of a 43-page brief which contained novel legal theories and was supported by 151 pages of exhibits. (ECF #32.)

5.      On May 27, 2025, this Court granted in-part Plaintiff's Renewed TRO and issued an Order enjoining Yale University from conferring Plaintiff's J.S.D. degree for 14 days from that date and time, and set a Preliminary Injunction Hearing for June 9, 2025, with Defendants' comprehensive brief to be filed on or before June 2, 2025, and any reply thereto to be filed on or before June 5, 2025. (ECF #36.)

6.      The day that Plaintiff initiated this action was the Thursday on which her final J.S.D. term ended, with commencement scheduled on the following Monday, May 19, 2025. In addition to their obligations in relation to commencement, the Yale University employee defendants and witnesses were obligated to attend a faculty retreat the following day. Between those obligations and pre-existing holiday plans surrounding the following Memorial Day weekend, many of the defense witnesses have been largely unavailable to provide meaningful input in support of Defendants' opposition to Plaintiff's claims.

7.      Plaintiffs has now submitted 121 pages of legal briefing, containing many unique arguments and novel legal theories upon which those arguments are based.

8.      The factual timeline underpinning Plaintiff's allegations spans the twelve-year period that she has been enrolled as a student in Yale University's graduate programs and requires Defendants to review substantial documentary evidence to properly respond.

9.      On May 30, 2025, (today) Plaintiff indicated her intention to call seven defense witnesses at the preliminary injunction hearing, currently scheduled for June 9, 2025. Defendants intend to call one other witness in addition to the Plaintiff herself, for a total of

nine witnesses.  Plaintiff's counsel agrees with defense counsel that the hearing on the Motion for Preliminary Injunction cannot be completed within the three hours that the Court has scheduled for it. The hearing will likely take a minimum of five days given the number of witnesses and volume of evidence.

10.    Despite their diligent efforts, Defendants require additional time to meet with a significant number of witnesses, perform legal research in opposition to Plaintiff's novel theories, and marshal their own documentary evidence in order to fully rebut and disprove Plaintiff's allegations.

11.    Compelling circumstances warrant the granting of this Motion despite it being filed within the three days prior to the next deadline Defendants seek to extend. Namely, Defendants were informed on the morning of May 30, 2025, that Plaintiff intended to call seven additional defense witnesses. Additionally, on that same day, despite good-faith efforts by all parties, it became apparent that negotiations towards the potential mediation of this action have collapsed.

12.    Defendants file this Motion within hours of becoming aware of these additional circumstances warranting an extension of time.

13.    Defendants consent to the extension of this Court's current TRO in conformance with the requested extension to the pending deadlines below. Thus, Plaintiff will suffer no harm on account of this Motion being granted as her current student status will be preserved pending the preliminary injunction hearing.

WHEREFORE, Defendants respectfully request that this Court grant this Motion and extend ALL DEADLINES by fourteen days, including but not limited to the following:

3

| ECF # | Pending Action | Current Deadline | Requested Deadline |
|---|---|---|---|
| 2 | Defs. Brief in Opposition to Preliminary Inj. | June 2, 2025 | June 16, 2025 |
| 3 | Defs. Objection to Motion to Proceed Under Pseudonym | June 5, 2025 | June 20, 2025 |
| 36 | Pl's. Reply to Defs. Brief in Opposition to Preliminary Inj. | June 5, 2025 | June 20, 2025 |
| 37 | Preliminary Injunction Hearing | June 9, 2025 | June 23, 2025 |
| 31.5 | Rule 26 Meeting Report | June 30, 2025 | July 14, 2025 |

**THE DEFENDANTS,**
**YALE UNIVERSITY**
**GORDON SILVERSTEIN and**
**KIMBERLY MCKEOWN**

*/s/ Patrick M. Noonan*
Patrick M. Noonan, (ct00189)
Jeffrey M. Beck (ct31564)
Carmody Torrance Sandak & Hennessey LLP
741 Boston Post Road
Guilford, CT 06437
Telephone: (203) 458-9168
PNoonan@carmodylaw.com
JBeck@carmodylaw.com
Their Attorneys

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the above date I filed this document electronically and served it by mail on anyone unable to accept electronic filing.  The Court's electronic filing system will send notice of this filing by e-mail to all parties as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Patrick M. Noonan*
Patrick M. Noonan