UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | Civil Action No: 25-cv-787 |
|    *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    *Defendants*. | : | June 14, 2025 |

**PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT**

On June 14, 2025, Yale cut off Plaintiff's Westlaw login—an essential privilege of her J.S.D. student status—in direct defiance of the Court's May 20 TRO requiring Yale to keep her "current student status" intact. Plaintiff therefore moves for an Order to Show Cause directing Defendants to appear and explain why they should not be held in civil contempt. In support of this motion Plaintiff represents the following:

    1.    On May 20, 2025 this Court entered a Temporary Restraining Order ("TRO") directing that "Defendants … maintain Plaintiff's current student status pending further order of the Court." The TRO remains in force through June 24, 2025 at 5:30 p.m.

    2.    Student status at Yale Law School indisputably includes an active, school-issued Westlaw account. Yet on June 14, 2025 Yale revoked Plaintiff's Westlaw credentials; every log-in attempt produced the message: "Your Westlaw password is inactive and may have been suspended." See Declaration of Jane Doe, Ex. A.

    3.    This is a plain, undisputed breach of the TRO. Yale's order was clear and unambiguous.

Plaintiff therefore moves for an Order to Show Cause directing Defendants to appear and explain why they should not be held in civil contempt, and asks that the Court:

1

1. Immediately order Yale to restore Plaintiff's Westlaw access—and any other privilege tied to student status—within 24 hours;

2. Adjudge Defendants in civil contempt for violating the TRO;

3. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this motion, per Weitzman v. Stein, 98 F.3d 717, 719-20 (2d Cir. 1996);

4. Impose a coercive fine of $500 per day (or such amount as the Court deems just) for every day Defendants remain out of compliance after today; and

5. Grant such other and further relief as the Court deems appropriate to compel full, prompt compliance.

Because Defendants' violation is continuing, Plaintiff respectfully requests that the Court issue the show-cause order forthwith and schedule an expedited hearing.

Respectfully Submitted,

PLAINTIFF
By:_____/s/_____
Alexander T. Taubes, Esq.
Federal Bar No.: ct30100
Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | **Civil Action No: 25-cv-787** |
|     *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|     *Defendants.* | : | June 14, 2025 |

## PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT

I, [REDACTED], under 28 U.S. Code § 1746, declare the following to be true under penalty of perjury:

1. I attempted to access my Yale University provided student Westlaw account via lawschool.westlaw.com on several occasions on June 14, 2025.

2. On each occasion, after entering my correct password, I was met with the message "Your Westlaw password is inactive and may have been suspended. Please contact West Customer Technical Support at 1-800-934-WEST."

3. A Westlaw account is a benefit of Yale Law School J.S.D student status.[1]

4. A Temporary Restraining Order by the honorable Judge Omar. A. Williams on May 20, 2025 and extended by 14 days or until the court issues a ruling, whichever comes first, not to exceed June 24 at 5:30pm, states "Defendants hereby are ordered to maintain Plaintiff's current student status pending further order of the court."[2]

5. I created screenshots provided to my attorney Alex Taubes documenting this on June 14, 2025.

---

[1] This is generally known and is also documented on https://library.law.yale.edu/news/westlaw-lexis-plus-and-bloomberg-law-registration and pg. 99 of the current Yale Law School Bulletin.
[2] Doe v. Yale University et al, 3:25-cv-00787-OAW (D.Conn), ECF 36, extended by ECF 60.

I declare under penalty of perjury the prior statements are correct and true.

[REDACTED]

THOMSON REUTERS· | LAW SCHOOL

Your Westlaw password is inactive and may have been suspended. Please contact West Customer Technical Support at 1-800-934-WEST.

[Back to Sign In]