UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | Civil Action No: 25-cv-787 |
|    *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    *Defendants*. | : | June 30, 2025 |

**PLAINTIFF'S MOTION FOR ORDER REGARDING THE RULE 26(f) REPORT**

**I.     INTRODUCTION**

Defendants sent an attorney without authority to the parties' Rule 26(f) planning conference, then on the night before it was due, rejected a jointly-created report without any explanation. This conduct fails to meet the standard of "good faith" in Rule 26 and implicates this Court's inherent authority to manage its docket and impose sanctions under Rule 16(f). The plaintiff therefore moves this Court for an order requiring the parties to file the jointly-created Rule 26(f) report that was prepared during the June 27 conference between Attorney Beck and Attorney Taubes, disregard the Defendants' unilaterally filed report at ECF No. 87, and remind the parties that Rule 26(f) planning conferences should be attended by parties with authority to reach an agreement on the content of the report or at least create a report with both parties' respective positions.

**II.     FACTS**

On June 19, 2025, the Defendants' counsel sent the Plaintiff's counsel a draft Rule 26(f) report. The report, like the one just filed by Defendants, ECF No. 87, contemplated briefing on motions for summary judgment extending into June 2027, despite this Court's stated preferences that discovery close between six to nine months from the filing of the Rule 26(f) report, *id.* at 11. On June 20, Defendants' sent another copy, as that version had "formatting

1

problems," and asked for "comments," so "that we can meet our June 30 deadline set by the Court."

The next day, the Plaintiff's counsel sent Defense counsel an email, reminding him that "[t]he rules call for a planning meeting," not simply a draft and comments on that draft.

The parties then scheduled a Rule 26(f) conference meeting on Friday afternoon, June 27, at 3pm, in which Attorney Jeffrey Beck attended for the Defendants. The undersigned attended for the Plaintiff. Attorney Noonan did not attend the conference.

During the conference, the parties were able to reach agreements on essentially every part of the Rule 26(f) report. During the conference, Attorney Beck and Attorney Taubes created a report, using a shared-screen on Microsoft TEAMS, that both attorneys believed was reasonable.

For example, Attorney Beck and the undersigned modified the close of discovery in the Rule 26(f) report to be approximately one year after the filing of the report, which—although longer than this Court's stated preferences for the close of discovery—both counsel believed was reasonable given the complexity of the issues involved in this case. Deadlines regarding depositions, expert witnesses, and summary judgment motions were also discussed and agreed upon during the conference. However, at the end of the conference, after all of the dates and deadlines were inserted into the joint draft report, Attorney Beck informed the undersigned that he needed to get the approval of his client for the contents of the report before it could be filed.

Defendants say that "[t]he parties were not able to resolve their differences," ECF No. 87 at 2, but that is not true—during the conference there were essentially no differences between counsel as they worked cooperatively on the report. If any differences had been disclosed to the undersigned, he would have suggested putting both parties' positions into the

joint report. However, in a breach of this Court's protocols and Rule 26, Attorney Beck did not come to the Rule 26(f) conference with authority to reach any agreements on any deadlines in the Rule 26(f) report. Attorney Beck concluded the meeting saying that he needed to get authority from his client to agree to any part of the Rule 26(f) report.

On Sunday night, June 29, at 11:11pm, Attorney Noonan informed the undersigned that "[w]e are not able to agree with your proposed revisions," failing to acknowledge that the proposal was created jointly with Attorney Beck of the defendants. Attorney Noonan did not provide any detail on what part of the proposed joint report his clients disagreed with or why they disagreed with them. Attorney Noonan further informed Attorney Taubes that "we will file our own report tomorrow, and expect you will do the same." The report filed by Attorney Noonan was identical to the draft report that was sent to the undersigned on June 19 and 20. The undersigned has requested a copy of the joint report prepared by Attorney Beck and the undersigned on Attorney Beck's computer screen.

### III.  LEGAL STANDARDS

The District of Connecticut's local rules contemplate a "conference," conducted "for the purposes described in Fed.R.Civ.P. 26(f)." Local Rule 26(f)(1). It also contemplates the parties will "jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix to these rules." *Id.*

Federal Rule of Civil Procedure 26(f)(2) states that "[i]n conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." The Rule further states that "[t]he attorneys of record . . . are jointly responsible . . . for

attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Rule 26(f)(3) states that the plan must include "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues." Rule 26(f)(3)(B).

### IV.     ARGUMENT

Defendants' conduct violates the fundamental requirement of good faith participation in the Rule 26(f) process. By sending Attorney Beck to the conference without authority to reach any agreements, Defendants rendered the mandatory conference a meaningless exercise. This is precisely the type of gamesmanship that Rule 26(f) was designed to prevent. The Rule requires attorneys to be "jointly responsible" for "attempting in good faith to agree on the proposed discovery plan." Sending an attorney who must seek approval for every decision discussed is antithetical to the collaborative process envisioned by the Federal Rules. Moreover, Defendants' subsequent rejection of the jointly-created report—without any substantive explanation and mere hours before the filing deadline—compounds this violation.

The appropriate remedy is straightforward: the Court should order the parties to file the report that was jointly created during the June 27 conference. Notably, Defendants alone are in possession of this jointly created report. This report represents the only legitimate attempt at compliance with Rule 26(f)'s requirements and was the product of actual conferral between the parties' attorneys. Defendants cannot be permitted to waste the Court's and opposing counsel's time by participating in a conference, reaching agreements, and then unilaterally abandoning those agreements without justification. To allow such conduct would encourage parties to

engage in bad faith tactics designed to delay proceedings and frustrate the efficient administration of justice.

Furthermore, Defendants' proposed timeline extending discovery and dispositive motions into June 2027—two full years from now, ECF No. 87 at 11—is facially unreasonable and inconsistent with this Court's stated preference for discovery to close within six to nine months. This Court has both the inherent authority to manage its docket and explicit authority under Rule 16(f) to impose sanctions for failing to participate in good faith in developing a discovery plan. At minimum, the Court should admonish Defendants for their conduct and make clear that future Rule 26(f) conferences must be attended by counsel with actual authority to reach agreements, or at the very least, to create a report that accurately reflects both parties' positions rather than reverting to a pre-conference draft.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court order the parties to file the jointly-created Rule 26(f) report from the June 27 conference and disregard Defendants' unilaterally filed report at ECF No. 87.

> Respectfully Submitted,
> PLAINTIFF
> By:_____/s/_____
> Alexander T. Taubes, Esq.
> Federal Bar No.: ct30100
> Alexander T. Taubes
> 470 James Street, Suite 007
> New Haven, CT 06513
> (203) 909-0048
> alextt@gmail.com