**MANDATE**

25-1564-cv (L)
*Doe v. Yale Univ. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-six.

PRESENT:

DENNIS JACOBS,
RICHARD C. WESLEY,
MICHAEL H. PARK,
*Circuit Judges.*

_____

JANE DOE,

*Plaintiff-Appellant,*

v.

25-1564 (Lead),
25-1712 (Con)

YALE UNIVERSITY, GORDON SILVERSTEIN, KIMBERLY MCKEOWN,

*Defendants-Appellees.*

_____

**MANDATE ISSUED ON 06/08/2026**

FOR PLAINTIFF-APPELLANT

ALEXANDER T. TAUBES, Law Offices of Alexander T. Taubes, PLLC, New Haven, CT.

FOR DEFENDANTS-APPELLEES

PATRICK M. NOONAN, Giovanna Tiberii Weller, and Jeffrey M. Beck, Carmody Torrance Sandak & Hennessey LLP, Guilford, CT.

Appeal from a memorandum and order of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Jane Doe appeals from an order of the district court denying her motion to proceed by pseudonym as well as the district court's order denying reconsideration. Doe, a student in Yale Law School's Doctor of Juridical Science ("J.S.D.") program, sued Yale University, Director of Student Accessibility Services Kimberly McKeown, and Assistant Dean for Graduate Programs Gordon Silverstein (collectively, "Yale"), alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as well as breach of contract. Doe primarily claimed that Yale improperly refused to extend her J.S.D. candidacy for an additional year—which she believes she needs in order to produce a dissertation of sufficient quality—and sought injunctive relief barring Yale from discharging her from the program.

2

The same day that she filed her complaint, Doe moved for an order permitting her to proceed by pseudonym. She asserted that her identification as plaintiff in this lawsuit would diminish her academic and employment opportunities because the case would necessarily disclose details concerning her diagnosed medical conditions, her medical treatment history, and the impact of her conditions on her academic performance. She also contended that "[p]ublic disclosure of [her] identity would likely exacerbate her existing psychiatric conditions" and subject her to "stigma associated with mental health conditions." Dkt. 3 at 4–5.

On June 17, 2025, the district court denied the motion in an order that identified and applied several factors articulated by our Court in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). In so doing, the court noted that it had taken steps to protect her privacy by sealing Doe's private medical information.

Doe's motion for reconsideration, filed three days later, added an affidavit from Doe and a letter from her psychiatrist of nine years, which substantiated Doe's claim that disclosure would risk serious mental harm. Because the new evidence attached to the motion "could have been raised earlier," the court declined to consider it and denied the motion. App'x. at 17–19. The district court's denials of both orders were proper.

The district court properly denied Doe's initial motion to proceed by pseudonym. We review a district court's decision to grant or deny a motion to proceed under a pseudonym for abuse of discretion. *United States v. Pilcher*, 950 F.3d 39, 41 (2d Cir. 2020)

3

(per curiam) (quoting *Sealed Plaintiff,* 537 F.3d at 190). A district court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 41–42 (citation modified).

Federal Rule of Civil Procedure 10(a) directs that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff,* 537 F.3d at 188–89. Courts have, however, "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Id.* at 189 (alterations adopted) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). Courts determine whether a plaintiff may proceed under a pseudonym by balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.*

In considering exceptions, we have "noted with approval" a list of "non-exhaustive" factors: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely

4

severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Pilcher*, 950 F.3d at 42 (quoting *Sealed Plaintiff*, 537 F.3d at 189–90).

"[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4. Ultimately, "pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

Contrary to Doe's contentions, the district court identified the relevant factors and undertook a reasoned, clearly-articulated analysis of the pertinent considerations. "Mere

5

disagreement with how the district court balanced the [relevant] factors . . . is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam) (citation omitted) (reviewing district court's balancing of the 18 U.S.C. § 3553(a) factors). Its decision therefore reflects a proper exercise of its discretion.

Doe's appeal largely relies on the new evidence attached to the motion for reconsideration. The district court did not err by refusing to consider this belatedly submitted evidence.

We review denials of motions for reconsideration "for abuse of discretion." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). District courts do not abuse their discretion by denying "late request[s] to add evidence" that was "previously known to [p]laintiffs . . . as part of a motion for reconsideration." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to . . . present evidence that could have been raised prior to the entry of judgment." (citation omitted)); Fed. R. Civ. P. 60(b)(2) (authorizing relief because of newly discovered evidence that could not have

been obtained earlier with reasonable diligence).

The district court properly exercised its discretion when it refused to consider Doe's new evidence. This information could have been included in her original motion to proceed pseudonymously. Because it was not, the court was not obligated to accept it when Doe attached it to her later motion for reconsideration.

\*     \*     \*

We have considered Doe's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7